UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GRANVILLE SCRUGGS, II     PLAINTIFF

v.     Civil No. 3:18-cv-00098-GHD-RP

BUREAU OF ENGRAVING AND PRINTING,
DEPARTMENT OF THE TREASURY     DEFENDANT

## MEMORANDUM OPINION

On April 17, 2018, Plaintiff Granville Scruggs filed his complaint in this matter against the Bureau of Engraving and Printing of the United States Department of the Treasury for failing to redeem several mutilated-currency claims he submitted to the Bureau. *See* 31 C.F. § 100.5(a). 90 days passed without Scruggs serving process in accordance with Fed. R. Civ. P. 4(i)(2). On July 24, 2018, this Court ordered Scruggs to show cause why his case should not be dismissed. Scruggs has responded and now moves for an extension of time [10] in which to serve process.

The rules provide that in order to serve an agency of the United States the party must both serve the United States and send a copy of the summons and complaint by registered or certified mail to the agency. Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)
>
> (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designated in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C [].

1

Fed. R. Civ. P. 4(i)(1). "Service [under Rule 4(i)] is not complete until the plaintiff complies with the requirements relevant to both the United States attorney and the Attorney General." *Conn v. United States*, 823 F. Supp. 2d 441, 444 (S.D. Miss. 2011) (citing *Flory v. United States*, 79 F.3d 24, 26 (5th Cir. 1996)).

The rules also provide that the court "must allow a party reasonable time to cure its failure to serve a person required under Rule 4(i)(2)" so long as the party has already served either the United States Attorney in this district of the Attorney General. Fed. R. Civ. P. 4(i)(4). Scruggs contends that he is due this mandatory extension because he has served the United States Attorney. He has not. As best the Court can tell, the proof of service Scruggs filed [Doc. 5] indicates that he sent the complaint and summons to some individual employee of the United States Department of Justice. In any case, that individual is clearly not the United States Attorney for the Northern District of Mississippi or the Attorney General of the United States. Thus, this Court is not required under Rule 4(i)(2) to allow him further time to cure his failure.

Rule 4(m) also provides that if the plaintiff shows good cause for the failure to serve process on the defendant, the Court must extend the time for service for an appropriate period. Scruggs asserts that as a *pro se* litigant, he is unfamiliar with the Rules' requirements concerning service of process. That, however, is not good cause. "[P]ro se status and ignorance of the relevant rules of service do not excuse a plaintiff's failure to effect service." *Bartz v. Adrian*, 169 F. App'x 241 (5th Cir. 2006) (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1998)).

Further, this is at least the sixth case Scruggs has filed against the federal government over these claims, and the second where he has sued the Bureau of Engraving and Printing specifically. *See Scruggs v. United States*, No. 17-1581C, 2018 WL 1664689, at *3 (Fed. Cl. Apr. 6, 2018) (collecting previous cases filed by Scruggs); *Scruggs v. Bureau of Engraving & Printing*, 200 F.

Supp. 3d 78 (D.D.C. 2016). He should, by now, be familiar with the service requirements of the Federal Rules of Civil Procedure.

Because Scruggs has not shown good cause for his failure to serve the government in this case, his motion is denied and this case is dismissed.

A separate order shall issue.

This, the 14th day of August, 2018.

/s/ Neal B. Biggers

SENIOR U.S. DISTRICT JUDGE